UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DANNY B.[1],

Plaintiff, Civil Action No. 25-11034

v.

Brandy R. McMillion
United States District Judge

COMMISSIONER OF,
SOCIAL SECURITY,

David R. Grand
United States Magistrate Judge

Defendant.
__________________________________/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 12, 14)**

Plaintiff Danny B. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (ECF Nos. 12, 14), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Plaintiff is not disabled under the Act is not supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Motion for Summary Judgment **(ECF No. 14)** be **DENIED**, Plaintiff's Motion for Summary Judgment **(ECF No. 12)** be **GRANTED** and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the Commissioner for further proceedings consistent with this Report and Recommendation.

## II. REPORT

### A. Background

Plaintiff was 45 years old at the time of his application on September 7, 2022, and at 5'6" tall weighed approximately 120 pounds during the relevant period. (PageID.96, 89, 327).[2] He completed high school and an apprenticeship program for laborers. (PageID.328). Prior to the alleged onset of disability, he worked primarily in construction as a "general laborer," often doing "carpentry, concrete, [and] bricklaying." (PageID.67-72). He now alleges disability resulting from the following injuries to his right hand, which originated from a table saw accident on the date of alleged disability: "thumb and index finger amputated; middle finger severely damaged may lose; ring finger severely damaged; pinky finger was affected; many surgeries to follow." (PageID.327).

After Plaintiff's applications for DIB and SSI were denied at the initial level on February 3, 2023 (PageID.96), and on reconsideration on July 27, 2023 (PageID.137), he timely requested an administrative hearing, which was held on February 5, 2024, before ALJ Kathleen Winters. (PageID.61). Plaintiff, who was represented by attorney Alice

[2] Standalone citations to "PageID.___" are all to the administrative transcript in this case, which can be found at ECF No. 7-1.

Rice, testified at the hearing, as did vocational expert ("VE") Jacquelyn Wenkman. (PageID.61). In a written decision dated April 10, 2024, the ALJ found that Plaintiff is not disabled under the Act. (PageID.33-48). On February 10, 2025, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner for purposes of this review. (PageID.24). Plaintiff filed for judicial review of the final decision on April 10, 2025. (ECF No. 1).

The Court has thoroughly reviewed the transcript in this matter, including Plaintiff's medical record, disability reports, and testimony as to his conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

**B. The ALJ's Application of the Disability Framework Analysis**

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" in relevant part as the:

> … inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial

> gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following the five-step sequential analysis, the ALJ found that Plaintiff is not disabled under the Act. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 12, 2022, his alleged onset date. (PageID.36). At Step Two, the ALJ found that Plaintiff has the following severe impairments: "amputation

of the right thumb and index finger; minimal mobility of the third finger on the right hand; and degenerative disc disease." (PageID.26). At Step Three, the ALJ found that Plaintiff's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (PageID.39).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), concluding,

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he: can occasionally crawl, handle or finger with the right, dominant, upper extremity; can never climb ladders, ropes, or scaffolds, or balance, as that term is used vocationally; and must avoid all exposure to vibration, dangerous moving machinery and unprotected heights.

(PageID.49).

At Step Four, the ALJ determined that, at all relevant times, Plaintiff has been unable to perform his past relevant work. (PageID.45). At Step Five, the ALJ concluded, based in part on the VE's response to hypothetical questions, that Plaintiff is capable of performing the jobs of counter clerk (51,000 jobs) and child attendant (102,000 jobs). (PageID.46). As a result, the ALJ concluded that Plaintiff is not disabled under the Act. (PageID.47).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v.*

*Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). The phrase "substantial evidence" is a "term of art …." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is 'more than a mere scintilla.'" *Id. (*internal citations omitted). Specifically, "[i]t means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id. (*internal citations omitted).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be

affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

**D. Analysis**

In his motion for summary judgment, Plaintiff argues that the ALJ "failed to properly account for [Plaintiff's] right hand deficits in the RFC." (ECF No. 12, PageID.839). Specifically, Plaintiff argues that the ALJ failed to conduct a proper supportability and consistency analysis of the State agency consultants' (the "Consultants") opinion evidence, which she found persuasive. (ECF No. 12, PageID.840-45).

For the following reasons, the Court agrees with Plaintiff that the ALJ's conclusion regarding the Consultants' opinion evidence is not supported by substantial evidence, because she failed to conduct a supportability analysis of the Consultants' opinions. Because an "ALJ's failure to discuss the supportability factor is reversible error," this case should be remanded to the Commissioner. *Hawker v. Comm'r of Soc. Sec.*, No. 1:25-CV-920, 2025 WL 2711418, at *4 (N.D. Ohio Sept. 23, 2025) (collecting cases).[3]

Under 20 C.F.R. § 404.1520c(b)(2),[4] the two most important factors to an ALJ's

---

[3] Plaintiff also argues that the ALJ failed "to perform a proper symptom evaluation." (ECF No. 12, PageID.845). As the Court is recommending that this case be remanded based on the ALJ's supportability analysis, it need not decide this other issue. Still, on remand, the ALJ should fully consider the Plaintiff's allegations about how the symptoms of his various impairments affect his functional abilities.

[4] 20 C.F.R 416.920c(b)(2) is identical to 20 C.F.R. § 404.1520c(b)(2). The former applies to Disability Insurance Benefits and the later applies to Supplemental Security Income. Plaintiff has applied for both.

evaluation of a medical opinion's persuasiveness is supportability and consistency. A medical opinion's supportability reflects the "relevance of the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1). A medical opinion's consistency reflects the consistency of the medical opinion "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). The ALJ's analysis of the above factors must allow for the Court to conduct a "meaningful review." *Hargett v. Comm'r of Soc. Sec.,* 964 F.3d 546, 552 (6th Cir. 2020) ("An ALJ may not summarily discount a treating-source opinion as not well-supported by objective findings or being inconsistent with the record without identifying and explaining how the substantial evidence is purportedly inconsistent with the treating-source opinion.").

In this case, the ALJ's analysis does not allow for that review, and thus the Court finds that her conclusion that the Consultants' opinions are persuasive is not supported by substantial evidence.

The ALJ summarized the Consultants' findings as follows:

> the claimant should be limited to light work with no climbing of ladders, ropes, or scaffolds, occasional crawling, occasional handling and fingering with the right hand, and to avoid all exposure to vibrations (vibratory tools) and hazards, including machinery with moving parts and heights

(PageID.44-45) (citing PageID.92-93, 101-02, 107-09).

The ALJ found the Consultants' opinions persuasive, writing:

> These opinions are persuasive because they are consistent with the progress notes, the clinical findings, and the therapy notes. For

> example, the claimant retains the ability to fully use his left hand and he made significant progress after his surgeries and physical therapy. In fact, as of November 2023, it was noted the claimant was continuing to improve, and he achieved all of his physical therapy goals (10F). Moreover, the claimant is not scheduled for any additional surgeries. Likewise, the treatment notes support the opinions of the State Agency Medical Consultants.
>
> For example, as of October 17, 2023, the claimant's head, nose, eye, cardiovascular, pulmonary, abdominal, musculoskeletal, skin, neurological, and psychiatric exams were normal. He had no abdominal tenderness, he had a normal range of motion, he was alert and fully oriented, and his mood and behavior were normal (11F). Finally, the claimant's activities of daily living are consistent with the opinions of the State Agency Medical Consultant. Specifically, as of October 5, 2023, the claimant noted his mood was well stabilized and his affect was bright and reactive. In addition, he noted that involvement with the community and his family improved, and he was visiting neighbors, doing canning with the vegetables from the garden, and enjoying reading. He further noted his concentration had improved (11F). Moreover, the claimant acknowledged he does not need reminders to care for his personal needs or take his medication, he prepares meals daily, he goes out when needed, he travels by walking, riding in a car, or using public transportation, he is able to go out alone, he shops online, and he is able to pay bills, count change, and handle bank accounts (2E, 3E, & 7E).

(PageID.45).

Based on the above, the Court agrees with Plaintiff that the ALJ did not conduct a proper supportability analysis of the Consultants' opinions.[5] In her discussion, the ALJ fails to cite to or mention any of the evidence the Consultants relied upon in reaching their

[5] The Court does not address the ALJ's evaluation of the consistency factor because supportability is an individually necessary component of an ALJ's review of opinion evidence. *Hawker*, 2025 WL 2711418, at *4 (The "ALJ's failure to discuss the supportability factor is reversible error."). Regardless, on remand, the ALJ should ensure she includes a thorough evaluation of the consistency factor regarding the Consultants' opinion evidence.

conclusions.[6] The evidence the ALJ does discuss, moreover, is evidence that did not exist until *after* the Consultants authored their opinions, and thus could not have impacted those opinions. She cites medical records from October 5, 2023, October 17, 2023, and November 2023. (PageID.45). But the initial examination was completed on February 2, 2023, and the reconsideration on July 18, 2023. (PageID.95, 111). While evidence not considered by the Consultants is relevant to whether their opinions are *consistent* with the record, it does not address whether the opinions are *supported* by the evidence upon which they rely.

The ALJ does cite generally to Exhibit 11F, which includes 92 pages of medical documentation from between August 2022 and December 2023. (PageID.711-801). However, only one visit, the Emergency Department visit on Plaintiff's alleged disability onset date, is both in that exhibit and referenced by the Consultants. This is insufficient. The ALJ fails to identify that August 12, 2022 visit as the relevant document in the exhibit and broadly pointing to 92 pages of medical documentation does not "build an accurate and logical bridge between the evidence and the ALJ's conclusion." *Ripley v. Comm'r of Soc. Sec.*, 415 F. Supp. 3d 752, 766 (N.D. Ohio 2019) (internal quotations omitted). As the ALJ did not discuss any of the Consultants' evidence, much less explain how it

---

[6] The evidence relied upon by the Consultants includes Plaintiff's function report, from which Plaintiff's activities of daily living ("ADL") were determined, his ER visit on August 12, 2022, when he partially amputated his thumb and index finger, the surgery on August 18, 2022, to address the amputation, a follow-up visit on September 13, 2022, and a physical therapy visit on October 3, 2022. (PageID.90). On reconsideration, the Consultants evaluated the above evidence, plus operation reports on October 27 and November 17, 2022, a visit on January 6, 2023, a physical therapy visit on March 2, 2023, and an occupational therapy visit on March 28, 2023. (PageID.106).

supported or failed to support their conclusions, the ALJ's conclusion that the Consultants' opinions were persuasive is not supported by substantial evidence.

Indeed, the Commissioner does not argue that, in the previously excerpted section, the ALJ conducted a supportability analysis.[7] Rather, the Commissioner points to other parts of the ALJ's opinion wherein she discussed evidence also mentioned by the Consultants.

---

[7] Although the Commissioner does not argue that the ALJ conducted a supportability analysis in the section in which the ALJ discusses the Consultants' opinions, the Court notes that, even reading the section generously, there is no discussion of supportability. For example, the ALJ writes that Plaintiff is "not scheduled for any additional surgeries," but the Consultants do not consider whether Plaintiff will need additional surgeries as part of their analysis. Next, the ALJ writes that the "treatment notes support the opinions of the [Consultants]," pointing to the October 17, 2023 visit. (PageID.45, citing PageID.710-801). However, neither of the Consultants considered the visit on October 17, 2023, and without more specificity, the Court cannot determine to which other "treatment notes" the ALJ might be referring. The ALJ also writes that Plaintiff "made significant progress after his surgeries and physical therapy," but only points to a visit in November of 2023, which neither Consultant discussed. Although the Consultants do reference Plaintiff's physical therapy, the ALJ fails to mention or cite any of the evidence upon which they relied, or to explain how the Consultants' note of Plaintiff's low pain levels during physical therapy supported their opinion that he could "occasionally" "handle" and/or "finger" objects.

The only aspect of the ALJ's discussion that could be considered supportability analysis is when she writes that Plaintiff's "activities of daily living are consistent" with the Consultants' opinion because the Consultants also mentioned Plaintiff's activities of daily living ("ADL"). (PageID.45). However, it is difficult to see how the ALJ could possibly say that the *Consultants' discussion* of Plaintiff's ADLs supports their opinion, since the Consultants emphasized in their opinion that Plaintiff was experiencing significant limitations in his ADLs. In the initial decision, the Consultant wrote that "[b]ased on the ADL in file, the claimant indicates of injury to dominant hand causing problems with his PC, not being to grab things, not being able to drive and having other ADL difficulties." (PageID.91). On reconsideration, the Consultant referred to an ADL from March 2023 writing, "Issue with all tendons, mucle [sic] and bone. Cannot write. Cannot do PC – dominant hand cut off." (PageID.106). Thus, although both the ALJ and the Consultants discussed ADLs, there is no "logical bridge" between the ADLs discussed by the Consultants and the ALJ's conclusion that those ADLs support "occasional" "handling" and "fingering." *See Ripley v. Comm'r of Soc. Sec.*, 415 F. Supp. 3d 752, 764 (N.D. Ohio 2019) ("[A] district court cannot uphold an ALJ's decision, even if there is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.").

Specifically, the Commissioner writes:

> the ALJ noted that on August 12, 2022, Plaintiff was working on a table saw when the wood slipped and his right thumb and index finger were amputated []. He had a revision amputation and a wound closure procedure. []. The ALJ explained that Plaintiff had another surgery on August 18, 2022, where he received additional revisions []. On September 12, 2022, Plaintiff had a follow up appointment and was noted to be "doing well" and his pain was listed as well controlled [].
>
> However, he had limited range of motion in his right hand and fingers []. Plaintiff had additional revision surgeries and a cross flap on October 27, 2022 and November 17, 2022 []. The ALJ also discussed evidence from 2023, that was cited in the [Consultants' opinion] including a treatment note dated January 6th [].

(ECF No. 14, PageID.874) (citing PageID.43) (internal citations omitted).

But the ALJ's general discussion of these visits does nothing to explain whether the ALJ thought they supported the Consultants' opinions. For example, at the initial and reconsideration evaluations, the Consultants recognized that Plaintiff "amputated his right thumb and index finger on [dominant] hand" while working with a "table saw" (PageID.98, 107), but the ALJ's note of the incident does nothing to explain whether it supports the Consultants' opinion. Additionally, on reconsideration, the Consultant noted that on January 6, 2023, there was "R middle finger I&D[8] d/t rod issue." (PageID.106). But the ALJ's discussion of the January 6, 2023 visit, regarding which she writes that Plaintiff "had another right hand revision surgery with right middle finger debridement," hardly explains how that visit would support the Consultant's opinion. (PageID.43). Without any

[8] This may mean "incision and drainage," though the parties nor the record clarify.

explanation by the ALJ as to why she found this evidence supportive of the Consultants' opinions, the ALJ's discussion of the circumstances of Plaintiff's injury fails to constitute a supportability analysis that is supported by substantial evidence. *See Melony*, 2023 WL 3191559 at *4.

Furthermore, "the 'Court's role is not to search the record for such evidence and articulate a rationale for one outcome or the other.'" *Huffman v. Saul*, No. 5:19-CV-449-CHB, 2020 WL 6937441, at *5 (E.D. Ky. Nov. 24, 2020). Even if the Commissioner's articulation of the ALJ's opinion explained why the ALJ found the Consultants' opinions well-supported, "the Court is limited to reviewing the ALJ's rationale' as explained in his decision, [ ] not 'post-hoc rationalizations' made by the Commissioner on appeal that 'offer substantive factual and legal determinations that the ALJ never made.'" *Melony O. S. v. Comm'r of Soc. Sec.*, No. 1:22-CV-424, 2023 WL 3191559, at *4 (S.D. Ohio May 2, 2023). Since the ALJ failed to provide that explanation, her opinion is not supported by substantial evidence.

Finally, the Commissioner argues that, even if the ALJ failed to conduct a supportability analysis of the opinion evidence, the case should not be remanded because Plaintiff "has not identified any opinions indicating that he had greater limitations than noted in the RFC finding, let alone was limited to no handling or fingering." (ECF No. 14, PageID.868). But the Plaintiff does not need to identify opinions that would support a different RFC. It is relevant only that the current RFC is not supported by substantial evidence because the ALJ failed to conduct a supportability analysis of evidence that she

relied upon. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determination.") (internal citations omitted). And, in light of the nature of the evidence in issue, the Court cannot find the lack of a proper supportability analysis to be harmless. Here, relying upon the Consultants' opinion, the ALJ determined that Plaintiff could "occasionally" "handle" and "finger" objects with his right hand, but that opinion was rendered despite the fact that Plaintiff is missing his thumb and index finger and has limitations using his other fingers. (PageID.41, 44-45). A proper discussion of how the evidence does or does not support the Consultants' opinion is required because, "[i]n the absence of a sufficient explanation of supportability… the Court cannot conclude that the ALJ's consideration of [the Consultants'] opinion is supported by substantial evidence… Accordingly, the ALJ's decision must be reversed and remanded for further proceedings to proper analyze [the Consultants'] medical opinions pursuant to 20 C.F.R. § 404.1520c." *Jacob B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-617, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022).

In sum, because the ALJ failed to discuss the supportability of the Consultants' opinions, which she relied on as persuasive evidence, the ALJ's decision is not supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Commissioner's Motion for Summary Judgment **(ECF No. 14)** be **DENIED**, the Plaintiff's Motion for

Summary Judgment **(ECF No. 12)** be **GRANTED**, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the Commissioner for further proceedings consistent with this Report and Recommendation.

Dated: August 10, 2026
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email

or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager